UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

AUQEITH BYNER,                      )
                                    )
          Plaintiff,                )
                                    )
v.                                  )          No.:  2:18-CV-144-TAV-MCLC
                                    )
TENNESSEE DEPARTMENT                )
OF CORRECTION;                      )
TODD WIGGINS,                       )
SARGENT GUIRUSSO, and               )
CAPTAIN HENSON,                     )
                                    )
          Defendants.               )

## MEMORANDUM OPINION

Plaintiff Auqeith Byner, an inmate in the custody of the Tennessee Department of Correction ("TDOC"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking redress for alleged constitutional violations that occurred while he was housed at the Northeast Correctional Complex ("NECX") [Doc. 2]. This matter is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

## I.      SCREENING STANDARDS

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a

claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II.    ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that on December 10, 2017, he was a barber housed in the Segregated Management Unit ("SMU") at NECX, and on that date, Corporal Guirusso informed Plaintiff that he was to cut the hair of the inmates on the unit [Doc. 2 p. 6, 8]. Plaintiff maintains that Corporal Guirusso locked him in a room with mentally ill inmate Brandon White and left [*Id*.]. Plaintiff asserts that while he was cutting White's hair, White attacked him [*Id*.]. Plaintiff contends that he tried to defend himself while kicking on the door, and that finally, after 10 to 15 minutes, he got the attention of Correctional Officer

Fisher, who radioed for help [*Id*. at 6, 9]. Officers arrived shortly thereafter, and once the door was open, Plaintiff was able to get away from White [*Id*. at 9].

Plaintiff claims that he was injured, both physically and emotionally, during the attack, and he contends that Defendants' failure to follow policy and supervise SMU inmates at all times caused him to suffer these injuries, for which he seeks compensation.

## III.  ANALYSIS

Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by other inmates and to take reasonable measures to protect their safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33(1994). Liability attaches to an officer's failure to protect an inmate only where the inmate demonstrates that he was "incarcerated under conditions posing a substantial risk of serious harm and that the prison officials acted with deliberate indifference to the inmate's safety." *Id*. at 834. "Deliberate indifference" means that a prison official is liable only where he knows that the inmate faces a substantial risk of serious harm and disregards the risk. *Id*. at 837 (quotation marks omitted). Therefore, in order for liability to attach to a prison official's failure to protect, the substantial risk and need for protection must be obvious. *See, e.g., Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

Because of the subjective component necessary to establish failure-to-protect liability, an officer cannot be deliberately indifferent when an inmate is a victim of an unforeseeable attack. *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002). Therefore, an officer's negligence or dereliction of duty cannot be the basis of a failure-to-protect claim.

*See Daniels v. Williams*, 474 U.S. 327 (1986) (holding negligence does not state §1983 cause of action).

There is nothing in Plaintiff's complaint that will permit the Court to infer that, prior to the attack, inmate White posed a substantial risk of serious harm to Plaintiff, nor is there that reason to infer that any Defendant was subjectively aware of such a risk and disregarded it. Therefore, Plaintiff has failed to state a claim upon which relief may be granted under § 1983.

## IV. CONCLUSION

As stated above, Plaintiff's complaint fails to state a claim for relief under § 1983. Therefore, this action will be **DISMISSED WITH PREJUDICE**. Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE